## 53197. GAMBLE v. THE STATE.

McMurray, Judge.

Geraldine Gamble and co-defendant Higgins were indicted for motor vehicle theft. After the cases were severed Gamble was tried, convicted, and sentenced to seven years in prison. Defendant appeals. *Held:*

1. Defendant contends that the court erred in permitting the jury to disperse after it had been selected but prior to being sworn. This appears to be a case of first impression in this state. The oath in question is that prescribed by Code § 59-709 which requires the jury to ". . . well and truly try the issue formed . . . and a true verdict give according to evidence . . ." Administration of this oath to the jury is preparatory to submitting to them, as an organized jury, the trial of the defendant. The oath having been administered to the jury in this case prior to the presentation of any evidence there was no error. See *Roberts v. State,* 65 Ga. 430 (2) (431, reprint); *Brown v. State,* 141 Ga. 5, 6 (4) (80 SE 320). Here no prejudicial or harmful error has been shown. *Hall v. State,* 8 Ga. App. 747, 750 (3) (70 SE 211); *Midland Properties Co. v. Kennedy,* 100 Ga. App. 37, 38 (110 SE2d 120). Although no prejudicial or harmful error was shown in the case sub judice we deem it the better practice to administer the statutory oath to the jurors comprising a trial jury prior to their dispersing even though there has been no presentation of the evidence at the stage of the trial proceedings.

2. The defendant arrived in Ware County in the company of Higgins and another companion. The pickup truck in which they arrived was left behind when they departed in the allegedly stolen automobile.

The defendant enumerates as error the refusal of the court to rebuke the assistant district attorney for persisting in going into the area of defendant's acquisition of the pickup truck. The state had offered to prove

through Higgins, who testified as a witness for the state, that the pickup truck had been stolen in Florida. This offered proof was excluded as irrelevant. Later, on direct examination, the defendant testified that she did not know why she and her companions would steal an automobile, as they had a truck which was "in good shape." Thereafter, during cross examination, defendant was asked where she and her companions got the truck. Defendant's attorney interposed with his objection, and this question was not answered. Defense counsel then asked the court to rebuke the assistant district attorney in the presence of the jury for bringing up again the question of where defendant and her companions had obtained the pickup truck. But, having chosen to testify, the defendant was subject to a thorough and sifting cross examination. Code Ann. § 38-415 (Ga. L. 1973, pp. 292, 294); Code § 38-1705; *Carr v. State,* 95 Ga. App. 513, 517 (4) (98 SE2d 231). We see no error in the assistant district attorney asking where the defendant and her companions had gotten the truck.

Defendant argues that the state's inquiry into where she and her companions obtained the pickup truck put her character in issue before she chose to do so, therefore, amounted to a statement of prejudicial matter before the jury and that consequently the court's refusal to rebuke the assistant district attorney was prejudicial error under Code § 81-1009. A question asked may constitute a statement of prejudicial matter. See *Stanley v. State,* 94 Ga. App. 737 (96 SE2d 195). But in that case the language of the question and person to whom it was asked suggested an answer which would have put defendant's character in issue. The facts are distinguishable in the case sub judice. The question is asked of the defendant rather than a state's witness, and the nature of the question does not suggest an expected answer. Nor was a statement included in the language of the question as in *Gore v. State,* 124 Ga. App. 398, 399 (184 SE2d 24). No improper statement having been made within the hearing of the jury, the court was correct in refusing to rebuke the assistant district attorney.

3. "A witness may be impeached by disproving facts testified to by him." Code § 38-1802. On cross

examination the defendant testified that she had not been present when Higgins had bought some other property and she had not witnessed any papers when he had bought property. Evidence to the contrary was properly admitted for purposes of impeachment. Defendant cites *Clarke v. State,* 41 Ga. App. 556 (153 SE 616), as authority that a witness cannot be impeached by proof of inadmissible matters merely because the witness has denied these matters. This matter was relevant as it concerned the same sequence of events by and between Higgins and the defendant.

4. In the absence of a timely written request, it is not erroneous for the court to omit to charge the law upon the subject of the impeachment of witnesses. *Washington v. State,* 138 Ga. 370 (1) (75 SE 253); *Hunter v. State,* 136 Ga. 103, 104 (4) (70 SE 643). There being no written request in the case sub judice it was not error to omit to charge the law on this subject.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1977 — DECIDED FEBRUARY 17, 1977.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.