### 71654. COLBERT v. THE STATE.
(344 SE2d 479)

CARLEY, Judge.

Appellant, his father and his brother were jointly indicted for two counts of aggravated assault. In the same indictment, appellant was also charged with possession of a firearm by a convicted felon. In order to comply with *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984), the trial court bifurcated the trial proceedings. In the first portion of the trial, all three defendants were tried for and acquitted of the aggravated assault charges. In the second portion of the bifurcated trial, appellant was tried for and convicted of possession of a firearm by a convicted felon. He appeals from the judgment and sentence entered on the jury's verdict.

1. Appellant contends that his trial as to the felon in possession of a firearm count is a nullity because the jury was not specifically sworn as to that crime. At the beginning of the trial proceedings, the clerk administered the oath as to the offense of aggravated assault. The clerk then began to swear the jury as to the offense of felon in possession of a firearm. The trial court, having ruled that the proceedings would be bifurcated, correctly interrupted the clerk. After the jury returned its verdict on the aggravated assault charges, that

portion of the trial as to the possession of a firearm by a felon was immediately begun without any further oath being administered to the jury.

"In a criminal case, 'a total failure to swear the jury (to try the particular case) is a matter which cannot, in any manner or under any circumstances, be waived.' [Cits.]" *Culpepper v. State*, 132 Ga. App. 733 (209 SE2d 18) (1974). However, in the instant case, two entirely separate trials were not conducted. Appellant was brought to trial on a three-count indictment and, pursuant to *Head v. State*, supra, the trial court ordered that the proceedings be bifurcated, with the same jury trying all the counts consecutively rather than concurrently. The jury that tried appellant was not totally "unsworn." After the return of the verdict on the aggravated assault counts, the jury should have been, but was not, sworn as to the specific crime which it would be trying in the second portion of the bifurcated proceedings. However, by acquiescing until after the verdict on the firearm possession count, appellant waived his objection to the lack of specific oath as to that count. See generally *Smith v. State*, 63 Ga. 168, 169 (9) (1879). The only apparent difference between this case and *Smith v. State*, 122 Ga. App. 98 (1) (176 SE2d 284) (1970) is that appellant was not tried simultaneously as to all counts in a multi-count indictment but, in order to avoid prejudice to him, the counts were tried in separate stages. Under these circumstances, the lack of a specific oath as to one of the offenses for which appellant was tried was a waivable "deviation" which does not render his conviction for that offense a nullity. "Only a totally unsworn jury is a nullity. [Cit.]" *Smith v. State*, 122 Ga. App. 98 (1), supra.

2. Appellant also enumerates as error the failure of the trial court to give his requested charge on self-defense. This is not a case wherein the trial court failed to charge on appellant's "sole" defense. The charge as given by the trial court included instructions as to self-defense. Appellant does not contend that the charge as given was erroneous, only that his "request" on that issue should have been given. However, the record shows that no such request to charge was filed. Accordingly, we are unable to review this enumeration of error. *Harp v. State*, 160 Ga. App. 575 (2) (287 SE2d 626) (1981).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986.

*James T. Irvin*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.