### A06A2380. THOMAS v. THE STATE.
(639 SE2d 531)

BLACKBURN, Presiding Judge.

Following a jury trial, Cornelius Thomas appeals his conviction for robbery by force and for aggravated assault. He challenges the sufficiency of the evidence and argues that the trial court erred in swearing in the jury after the court gave some preliminary charges but before evidence was presented. We hold that the victim's testimony sufficed to sustain the conviction and that the jury was timely sworn in. Accordingly, we affirm.

1. Thomas's assertion that the evidence does not support the verdict is meritless.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[1] and does not weigh the evidence or determine witness credibility.

*Pringle v. State.*[2]

---

[7] Id.
[8] Id.
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Pringle v. State*, 281 Ga. App. 230 (1) (635 SE2d 843) (2006).

Viewed in this light, the evidence shows that while a man was in a neighborhood where he had come with money to buy a car, Thomas approached him and demanded the man's money. When the man declined, Thomas punched him in the face. The victim fell to the ground, whereupon Thomas got on top of him and punched him several more times in the face while an accomplice began kicking him. Thomas and the accomplice went through the victim's pockets, forcibly taking $625 and then escaping into the nearby woods. Shortly thereafter, the victim came across a police officer and told him the circumstances. The officer then saw Thomas emerging from the woods, detained Thomas in his patrol car, and had the victim come to the patrol car, whereupon the victim immediately identified Thomas as the primary assailant.

Thomas was indicted for robbery by force[3] and for aggravated assault.[4] At trial, the victim identified Thomas as the man who had demanded the money, repeatedly struck him, held him down, and forcibly taken cash from him. Despite Thomas's testimony denying his involvement in the crimes, the jury found him guilty on both counts.

Thomas urges that the lack of any evidence corroborating the victim's testimony renders the evidence insufficient to sustain the verdict. But

> the testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant. The lack of corroboration goes only to the weight of the evidence and the victim's credibility, matters which are solely within the purview of the jury. Thus, even though [the victim] is the only witness who could testify that [Thomas] robbed him, that testimony was enough to establish [Thomas's] identity as one of the assailants.

(Punctuation omitted.) *Pringle*, supra at 233 (1). See OCGA § 24-4-8. Only in felony cases where the single witness is an accomplice does the law require corroboration to sustain the verdict. Id. As the victim's testimony here sufficed to sustain the verdict, we affirm.

2. Thomas contends that reversal is required because the trial court did not swear in the jury until it had first given some preliminary instructions to the jury. The oath required by OCGA § 15-12-139, however, need only be administered to the jury "prior to the

---

[3] OCGA § 16-8-40 (a) (1).
[4] OCGA § 16-5-21 (a) (1).

presentation of any evidence." *Gamble v. State*.[5] Inasmuch as such was done here, we discern no error.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006.

*Anna Blitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.

---

[5] *Gamble v. State*, 141 Ga. App. 304 (1) (233 SE2d 264) (1977).