## A08A2437. WILLIAMS v. THE STATE.
### (676 SE2d 303)

BERNES, Judge.

Robert Todd Williams appeals from the denial of his motion for discharge and acquittal on the ground that, after the trial court granted him a new trial, he was not timely tried in accordance with his demand for speedy trial. Because Williams's demand had expired at the conclusion of his original trial, we affirm.

A Paulding County grand jury indicted Williams on two counts of aggravated sodomy, aggravated child molestation, and two counts of child molestation. Williams filed a demand for speedy trial pursuant to OCGA § 17-7-170 (a). He was subsequently timely tried in accordance with his demand and convicted on all counts. See OCGA § 17-7-170 (b).[1]

Williams then filed a motion for new trial. The trial court entered an order granting Williams a new trial on the day after the

---

[1] OCGA § 17-7-170 (b) provides that

[i]f the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

final pool of impaneled jurors for the January 2007 term of court had been released.[2] Williams was not retried during the July 2007 term of court. On February 26, 2008, Williams filed a plea in bar seeking a discharge and acquittal of the charges against him on the ground that he had not been retried within the statutory limits mandated by his speedy trial demand. The trial court denied Williams's motion and this appeal followed.

Williams contends that his original demand for speedy trial remained in force and effect following the trial court's grant of his motion for new trial. In arguing this proposition, he relies upon case law which predates the 2003 amendment to OCGA § 17-7-170. See generally *Henry v. James*, 264 Ga. 527, 530 (1) (b) (449 SE2d 79) (1994); *State v. Grant*, 217 Ga. App. 358, 359 (457 SE2d 263) (1995); *Ramirez v. State*, 211 Ga. App. 356 (439 SE2d 4) (1993), rev'd on other grounds, *Henry v. James*, 264 Ga. at 529-530 (1) (b). This case law was abrogated by the legislature's enactment of subsection (c), which provides that "[a]ny demand for speedy trial filed pursuant to this Code section shall expire at the conclusion of the trial. . . ." Ga. L. 2003, p. 154, § 3. Thus, Williams's demand for speedy trial, filed prior to his original trial, expired once that trial was concluded. No demand for speedy trial remained in force and effect at the time Williams was granted a new trial. And Williams failed to file a new demand for speedy trial after his motion for new trial was granted.[3] Accordingly, the trial court did not err in denying Williams's motion for discharge and acquittal.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 24, 2009 — 

*Brian Steel*, for appellant.
*Fred A. Lane, Jr., District Attorney, Deborah Venuto, Assistant District Attorney*, for appellee.

---

[2] The Superior Court of Paulding County has two terms of court, a January term and a July term. See OCGA § 15-6-3 (31.1).

[3] Because Williams failed to file a new demand for speedy trial, we need not resolve whether he would have been entitled to do so under OCGA § 17-7-170 as amended.