S09A1998. ADAMS v. THE STATE.

(690 SE2d 171)

BENHAM, Justice.

Appellant Larry Adams, Sr., appeals his malice murder conviction for the shooting death of his ex-girlfriend.[1]

1. In a recorded police interview played to the trial jury, appellant admitted that he bought the murder weapon, a .22 caliber rifle, a week prior to the victim's death, and that, on October 24, 2005, he broke into the victim's home and shot her when it appeared to him that she was calling her new boyfriend. The medical examiner testified that the victim had at least seven gunshot wounds and that she died of multiple gunshot wounds. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, burglary, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not read the petit jury oath mandated by

---

[1] The victim was killed on October 24, 2005. Appellant was indicted by a grand jury on January 28, 2006, for malice murder, felony murder, five counts of possession of a firearm during the commission of a crime, two counts of burglary, and aggravated assault. A trial was held on October 9-11, 2006, and a jury found appellant guilty on all charges. On October 27, 2006, appellant was sentenced to life in prison for malice murder, and twenty-five years total for burglary and possession of a firearm during commission of a crime, which sentences were to be served consecutively. All remaining charges merged and/or were vacated as a matter of law. Appellant moved for a new trial on November 14, 2006, and amended his motion on August 19, 2008. The trial court denied the motion for new trial on June 8, 2009, and appellant timely filed his notice of appeal on July 6, 2009. The case was docketed in this Court on August 13, 2009, and submitted for decision on the briefs.

OCGA § 15-12-139[2] until after the State closed its case-in-chief. Appellant made no objection to the timing of the oath at the time, but now contends that the failure to give the oath prior to the opening of evidence constitutes reversible error. We disagree.

The oath provided in OCGA § 15-12-139 is mandatory and a trial court's total failure to give the oath to the jury is reversible error. *Spencer v. State*, 281 Ga. 533, 534 (640 SE2d 267) (2007); *Grant v. State*, 272 Ga. 213 (528 SE2d 512) (2000); *Slaughter v. State*, 100 Ga. 323 (28 SE 159) (1897). Although OCGA § 15-12-139 absolutely requires that the oath be given, it does not prescribe a specific time for the trial court to give the oath. Compare OCGA § 15-12-132 (the voir dire oath is required to be given "prior to commencing voir dire"); *Gamble v. State*, 141 Ga. App. 304 (1) (233 SE2d 264) (1977) (suggesting that it is "the better practice" to give the petit oath immediately after being selected and prior to being dispersed). Our jurisprudence provides that where the trial court gives the oath after trial has commenced and prior to the presentation of evidence, reversal of the conviction is not required unless the defendant can show actual prejudice from the timing of the oath. See *Marshall v. State*, 266 Ga. 304 (5) (466 SE2d 567) (1996) (oath given during prosecutor's opening statement). See also *Thomas v. State*, 282 Ga. App. 522 (639 SE2d 531) (2006) (oath given after preliminary instruction, but prior to presentation of evidence); *Gamble v. State*, supra, 141 Ga. App. at 304 (oath given after dispersal, but prior to presentation of evidence). Although this Court has not considered whether reversible error has occurred when the petit jury oath is given after evidence has been presented, the Court of Appeals recently held in *Fedd v. State*, 298 Ga. App. 508 (680 SE2d 453) (2009), that any error was harmless when the oath was given at the close of evidence. Because this is a matter of first impression in this Court, we will consider the Court of Appeals' approach, as well as look to our sister states for guidance.[3]

Several state courts have, like this Court, held that the complete absence of the petit jury oath renders the conviction a nullity. See *Harris v. State*, 406 Md. 115, 126 (956 A2d 204) (2008) (along with Georgia, listing California, Indiana, Mississippi, Missouri, Oregon and West Virginia as states where courts have held a conviction by an

---

[2] OCGA § 15-12-139 provides:
In all criminal cases, the following oath shall be administered to the trial jury:
"You shall well and truly try the issue formed upon this bill of indictment (or accusation) between the State of Georgia and (name of accused), who is charged with (here state crime or offense), and a true verdict give according to the evidence. So help you God."
The judge or clerk of the court shall administer the oath to the jurors.

[3] See *Allen v. State*, 286 Ga. 392 (2) (687 SE2d 799) (2010).

unsworn jury is unsustainable); *Brown v. State*, 220 SW3d 552, 554 (Tex. App. 2007) (a failure to swear the jury is a nullity and reversible error, but a belated oath is not). Several states have held that when the oath is given after the presentation of evidence has begun, the failure to object to such defect constitutes waiver. See, e.g., *Ex Parte Benford*, 935 So2d 421, 429-430 (Ala. 2006) ("[A]ny defect in the administration of the oath is reversible error only if some objection was taken ... during the progress of the trial") (punctuation and emphasis omitted); *State v. Godfrey*, 136 Ariz. 471, 472-473 (666 P2d 1080) (Ariz. App. 1983) (no reversible error in a situation where jury was sworn prior to their deliberations and there was no objection). Other states have employed a "harmless error" approach to such a defect in which they placed the burden on the defendant to show prejudice; this was also the approach followed by the Court of Appeals in *Fedd v. State*, supra.[4] *People v. Clouse*, 859 P2d 228, 233 (Colo. App. 1992) (in case where the jury was sworn during the prosecution's case, the court held that the error was harmless). Some states have required actual prejudice to be shown when an oath is given belatedly. See id. (concluding that any error was harmless, but also finding no actual prejudice had been sustained to defendant). See also *State v. Gallow*, 452 So2d 1288, 1290 (La. App. 3rd Cir. 1984) (jury members who were sworn belatedly did not engage in any conduct that prejudiced defendant).

In light of these various approaches, we hold, in the absence of a showing of actual prejudice (see *Marshall v. State*, supra, 266 Ga. 304), there is no reversible error if a belated oath is given prior to the jury's deliberations.[5] We decline, however, to follow cases which hold that a failure to object constitutes waiver. To do so would necessarily dilute the purpose of the oath and solemnity of jury service.

In the case at bar, it is undisputed that the oath was given after the trial commenced and after the presentation of the State's evidence, but prior to the jury's deliberations. Under such circumstances, appellant must show actual prejudice stemming from the timing of the oath. Here, there is no evidence that the jurors failed to conduct their duties in a manner consistent with the oath and, accordingly, there is no showing of prejudice requiring the reversal of appellant's conviction.

*Judgment affirmed. All the Justices concur.*

---

[4] Although the Court of Appeals referenced states that have invoked a"harmless error" approach, it actually determined appellant had failed to show harm inasmuch as he failed to show the jury reached its verdict in disregard of the oath.

[5] Obviously, the best practice is to give the oath as soon as the jury is empaneled. *Gamble v. State*, supra, 141 Ga. App. 304.

DECIDED FEBRUARY 8, 2010.

*David C. Walker*, for appellant.

*Samuel H. Altman, District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.