A10A1735. JACKSON v. THE STATE.
(700 SE2d 714)

BLACKBURN, Senior Appellate Judge.

Renado Jackson appeals from the denial of his motion for discharge and acquittal, arguing that the trial court erred in declaring a mistrial, over Jackson's objection, based on the State's failure to subpoena its only two material witnesses. We agree and reverse.

"The appellate standard of review of a grant or denial of a double

jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's [factual] findings support its [legal] conclusion." (Punctuation omitted.) *Puplampu v. State*.[1] See also *Burdett v. State*[2] (questions of law are reviewed de novo). Where "the basis for the mistrial [was] the unavailability of critical prosecution evidence," including the unavailability of prosecution witnesses, "the strictest scrutiny is appropriate." (Punctuation omitted.) *Ogletree v. State*.[3]

The record shows that Jackson was indicted on a single count each of criminal attempt to commit burglary[4] and possession of tools for the commission of a crime.[5] The case against Jackson proceeded to trial on August 18, 2009. A jury was seated, opening arguments heard, and the State began to present its case, calling two police officers to testify. After the second officer completed his testimony, the State informed the court that its "chief witness," who was not under subpoena, had traveled to Alabama because of an emergency with his mother, and was therefore unavailable. The prosecutor further explained that the State was attempting to locate a second witness, who also was not under subpoena, who could testify in lieu of the "chief witness." The trial judge responded by stating: "I have spent the entire morning selecting a jury . . . and you tell me that your people are not subpoenaed? I can't take any action [including issuing a bench warrant], except to declare a mistrial if you don't have witnesses." The State then asked for a recess until the following morning, to have the opportunity to get the witness back from Alabama. The trial court refused to grant the recess unless the district attorney's office would agree to pay the juror expenses for the following day.[6] The district attorney's office declined this offer, at which point the trial court sua sponte declared a mistrial.

Defense counsel objected, noting that the State's failure to secure the witnesses necessary to prove its case did not constitute grounds for a mistrial. Jackson's attorney further noted that jeopardy had attached, and moved for a directed verdict in Jackson's favor. The trial court overruled Jackson's objection to the mistrial and denied his motion for a directed verdict of acquittal, while at the same time acknowledging that the State might be barred from retrying Jackson.

---

[1] *Puplampu v. State*, 257 Ga. App. 5, 5-6 (570 SE2d 83) (2002).
[2] *Burdett v. State*, 285 Ga. App. 571 (646 SE2d 748) (2007).
[3] *Ogletree v. State*, 300 Ga. App. 365, 369 (685 SE2d 351) (2009).
[4] OCGA §§ 16-7-1 (a); 16-4-1.
[5] OCGA § 16-7-20 (a).
[6] The judge noted that there was no guarantee the witness would be available the next morning, and that the State was therefore asking to "waste" the time of both the jury and the court.

Following the mistrial, Jackson filed a pro se motion for discharge and acquittal on the grounds that a retrial would violate his constitutional right against double jeopardy. The trial court held a hearing on that motion and denied the same, finding that a retrial would not violate Jackson's right against double jeopardy because: (1) the absence of the State's witnesses at his first trial was not the result of prosecutorial misconduct or other deliberate action by the State; and (2) Jackson had not been prejudiced by the declaration of the mistrial. Jackson now appeals from the trial court's order.

"If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial." *Smith v. State*.[7] The State's failure to have available, at the time of trial, the evidence necessary for a conviction does not constitute such "manifest necessity," because "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." (Punctuation omitted.) *Smith v. State*.[8] See also *Downum v. United States*[9] ("the prohibition of the Double Jeopardy Clause is not against being twice punished, but against being twice put in jeopardy") (punctuation omitted).

Thus, both the United States Supreme Court and this Court have explicitly held that manifest necessity cannot be found where, as here, the mistrial results from the State's decision to proceed to trial without taking the necessary steps to secure the availability of its witnesses. *Arizona v. Washington*[10] ("[i]f, for example, a prosecutor proceeds to trial aware that key witnesses are not available to give testimony and a mistrial is later granted for that reason, a second prosecution is barred"); *Downum*, supra, 372 U. S. at 735 (retrial barred where mistrial declared after "[t]he prosecution allowed the jury to be selected and sworn even though one of its key witnesses was absent and had not been found"); *Spencer v. State*.[11] See also *Laster v. State*[12] (no manifest necessity for a mistrial where "the prosecutor seeks a mistrial to buttress weaknesses in the [S]tate's evidence"). Accordingly, "when a prosecutor begins a case without sufficient evidence to convict, and the court grants mistrial over the defendant's objection, a defendant's plea of former jeopardy should be sustained." *Smith*, supra, 171 Ga. App. at 280.

---

[7] *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994).

[8] *Smith v. State*, 171 Ga. App. 279, 280 (319 SE2d 113) (1984).

[9] *Downum v. United States*, 372 U. S. 734, 736 (83 SC 1033, 10 LE2d 100) (1963).

[10] *Arizona v. Washington*, 434 U. S. 497, 508, n. 24 (98 SC 824, 54 LE2d 717) (1978).

[11] *Spencer v. State*, 192 Ga. App. 822, 824 (1) (386 SE2d 705) (1989).

[12] *Laster v. State*, 268 Ga. 172, 173 (1) (486 SE2d 153) (1997).

Despite the trial court's conclusion to the contrary, this rule applies even in the absence of bad faith by the prosecutor. "When the district attorney impaneled the jury without first ascertaining whether or not his witnesses were present, he took a chance" that he would be unable to obtain a conviction, and his lack of bad faith did "not take the case out of the rule with reference to former jeopardy." *Downum*, supra, 372 U. S. at 737 (punctuation omitted). See also *United States v. Jorn*[13] ("independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial").

In light of the foregoing, we must conclude as a matter of law that the mistrial in this case, declared over Jackson's objection, did not result from manifest necessity. The trial court therefore erred in denying Jackson's motion for discharge and acquittal.

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 27, 2010.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, William T. Kemp III, Leonora Grant, Assistant District Attorneys*, for appellee.

---

[13] *United States v. Jorn*, 400 U. S. 470, 485 (II) (91 SC 547, 27 LE2d 543) (1971).