S10A1857. BREWINGTON v. THE STATE.
S11A0017. BROWN v. THE STATE.
S11A0018. BROWN v. THE STATE.

(705 SE2d 660)

BENHAM, Justice.

This is a direct appeal from the trial court's denial of appellants' motion to dismiss the indictment on constitutional speedy trial grounds. Appellants Kevin Brewington, Tyrone Brown, and Gary Brown were identified as accomplices in the March 2006 shooting deaths of Norris Degree and Stanley Brown at an apartment building in Clayton County. Brewington and Tyrone Brown were arrested and incarcerated in March 2006, while Gary Brown was arrested and incarcerated in November 2006. Brewington and Gary Brown were tried from November 16, 2009 to November 24, 2009, with the matter resulting in a mistrial due to a hung jury. Tyrone Brown, whose case was severed from the November 2009 trial of his co-defendants, has yet to be tried.

In June 2009, prior to their trial, appellants Brewington and Gary Brown filed a motion to dismiss the indictment on constitutional speedy trial grounds, the trial court denied the motion on August 25, 2009, and appellants did not appeal. On December 2, 2009, shortly after the mistrial was declared, appellants Brewington and Gary Brown filed another motion to dismiss the indictment on speedy trial grounds. Meanwhile, the trial court specially set the new trial for March 15, 2010. On March 11, 2010, Tyrone Brown orally joined his co-defendants' motion. On March 16, 2010, the trial court issued an order denying the motion to dismiss and each appellant filed an appeal.

1. The Sixth Amendment of the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . ." This right is enshrined in the Georgia Constitution and is co-extensive with the federal guarantee made applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution. Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a); *Ruffin v. State*, 284 Ga. 52 (2) (663 SE2d 189) (2008). Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (II) (112 SC 2686, 120 LE2d 520) (1992). As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If

not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. See *Barker v. Wingo*, 407 U. S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."); *Bowling v. State*, 285 Ga. 43 (1) (a) (673 SE2d 194) (2009). If, however, the delay is determined to be presumptively prejudicial, then the court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. *Jakupovic v. State*, 287 Ga. 205 (1) (695 SE2d 247) (2010). Those four factors include: (1) whether the delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. *Ruffin v. State*, supra, 284 Ga. at 56 (2) (b). On appeal, the relevant standard of review is whether the trial court abused its discretion. Id. at 65; *Bowling v. State*, supra, 285 Ga. at 47 (2).

## Case Nos. S10A1857 and S11A0017

2. Appellants Brewington and Gary Brown contend that the length of delay is from the time of their arrest through the denial of their December 2 motion to dismiss on speedy trial grounds. While typically the time for speedy trial attaches at the date of arrest (or date of indictment/accusation if earlier),[1] in this case appellants Brewington and Gary Brown were actually tried. Although they moved for dismissal on speedy trial grounds prior to their November 2009 trial, they did not appeal the denial of that motion prior to being tried. Therefore, as to these two defendants, the relevant time frame for purposes of the instant motion to dismiss on constitutional speedy trial grounds is from the date of the mistrial, November 25, 2009, through the date the motion was denied on March 16, 2010. See *Jakupovic v. State*, supra, 287 Ga. 205, 206 (1) (a) (the delay in retrying the defendant is measured from the date that the trial court granted the defendant's motion for new trial). Since the delay here is a little over three months, there is no presumption of prejudice, appellants' rights to a speedy trial have not been violated, and there is no basis to engage in the four-factor *Barker-Doggett* balancing test. *Ruffin v. State*, supra, 284 Ga. at 52 (2) (a speedy trial claim fails at the threshold if there is no presumptively prejudicial delay). The trial court did not abuse its discretion when it denied the motion to dismiss the indictment on speedy trial grounds in regard to appellants Brewington and Gary Brown.

---

[1] See *Smith v. State*, 284 Ga. 17 (2) (663 SE2d 142) (2008).

522

3. (a) Appellant Tyrone Brown has been incarcerated since his arrest in March 2006. Because appellant has not been tried since his arrest, it is presumed that the four-year delay is prejudicial. *Ruffin v. State*, supra, 284 Ga. at 55 (delay of two years, two months, and twenty-three days was presumptively prejudicial). Accordingly, the four *Barker v. Wingo* factors must be considered to determine whether appellant Tyrone Brown's right to a speedy trial was violated. *Bowling v. State*, supra, 285 Ga. at 45.

(b) The facts concerning the delay of Tyrone Brown's prosecution and which are applicable to the *Barker-Doggett* analysis are as follows:

The original trial date set in this case was February 18, 2008. Appellant Tyrone Brown sought a continuance on February 13, 2008 (which his co-defendants joined and which the trial court granted) in order to obtain discovery from the State. That same month, appellant's counsel was removed from the case by the Clayton County Indigent Defense Committee until the trial court ordered counsel's reinstatement in April 2008. On September 18, 2008, appellant Tyrone Brown filed a constitutional demand for speedy trial; however, it is not entirely clear from the record what became of this demand.[2] During the case, appellant's attorney also filed motions in the trial court regarding a fee dispute she was having with the indigent defense committee. In September 2009, all the parties agreed to a continuance in order to travel to Boston for a witness deposition. On the first day of the November 2009 trial, Tyrone Brown's attorney announced "not ready" because she had stopped preparing for trial due to her fee dispute. As a result, the trial court severed Tyrone Brown's case from his co-defendants, removed his original attorney from the case, and ordered new counsel to be appointed for appellant. In January 2010, the trial court granted the State's motion to have Tyrone Brown rejoined to the re-scheduled trial of his co-defendants. On March 11, 2010, during calendar call, appellant orally joined his co-defendants' December 2 motion to dismiss the indictment on constitutional speedy trial grounds.

(i) *Whether the delay was uncommonly long.* In this case, the trial court did not consider the length of the delay beyond the threshold question of presumptive prejudice because it did not

---

[2] The trial court's order denying the instant motion to dismiss states that Tyrone Brown's attorney "apparently . . . dismissed [the September 2008 constitutional speedy trial demand]." The prosecutor stated at the hearing on March 15, 2010, that he believed Tyrone Brown's original attorney had withdrawn the demand, but his memory was unclear. Nothing else in the record indicates the disposition of Tyrone Brown's September 2008 constitutional demand for a speedy trial.

mention whether the delay was uncommonly long.[3] See *Ruffin v. State*, supra, 284 Ga. at 59. However, inasmuch as the trial court has effectively weighed this factor in appellant's favor, it did not abuse its discretion.

(ii) *Reason for delay and whether the government or the defendant is more responsible for the delay.* It appears from the record that the reason for the delay of appellant's trial was the actions of his trial counsel, including seeking a continuance days before the first trial was set in February 2008, pursuing her fee dispute in the midst of trial preparations, ceasing trial preparations, and announcing "not ready" at the opening of the November 2009 trial. Based on such an announcement, the trial court had no choice but to sever Tyrone Brown from the trial and appoint a new attorney further exacerbating delay. Since defense counsel's actions overshadowed the vigorous representation of her client, the delay lies squarely with the defense. See *Smith v. State*, 275 Ga. 261, 262-263 (564 SE2d 441) (2002) (the actions of defense counsel may be weighed against the defendant in regard to the reason for delay). Therefore, the trial court did not abuse its discretion.

(iii) *Assertion of right.* In September 2008, more than two years after his arrest, appellant Tyrone Brown first filed a constitutional demand for a speedy trial. For reasons not made clear from the record, that demand was not disposed by the trial court and/or not diligently pursued by appellant. A year and a half later, on the eve of the March 2010 trial, Brown orally joined his co-defendants' motion to dismiss on constitutional speedy trial grounds. This Court has held that a delay of nineteen months in asserting constitutional speedy trial rights weighs against the defendant. *Jackson v. State*, 279 Ga. 449, 453 (614 SE2d 781) (2005). See also *Ruffin v. State*, supra, 284 Ga. at 64 (appellant must be "dogged" in the assertion of his speedy trial rights). Accordingly, in this case, the time that passed between arrest and his first and second assertion of his rights must be weighed against appellant. The trial court did not abuse its

---

[3] The trial court stated the following concerning the length of delay:

The alleged offenses occurred on March 20, 2006. Kevin Brewington has been in jail since March 29, 2006, and Gary Brown has been incarcerated since November 8, 2006. It has been almost exactly four years since the offense date. Two defendants have been incarcerated almost the entire four years and Gary Brown has been incarcerated for over three years and four months. A delay of this length is presumptively prejudicial.

Although the trial court listed the four *Barker v. Wingo* factors and made the determination that the delay was presumptively prejudicial, the trial court did not make any findings or conclusions as to whether the delay was uncommonly long as set forth in *Ruffin v. State*, supra, 284 Ga. at 58-59. See id. (upon finding presumptive prejudice, the court considered the delay in light of whether State completed its investigation, whether forensic testing was complete, and whether the delay was comparable to other non-capital murder cases).

discretion when it found that appellant Tyrone Brown had not timely asserted his constitutional demand for a speedy trial.

(iv) *Prejudice to defendant.* There are three factors to be considered when determining prejudice to the defendant: (1) whether there has been oppressive pre-trial incarceration; (2) the anxiety and concern of the accused; and (3) the possibility of harm to the accused's defense. *Ruffin v. State*, supra, 284 Ga. at 65. The third factor is the most important. Id. The general anxieties stemming from being incarcerated, however, are insufficient to sustain a violation of the right to a speedy trial. *Bowling v. State*, supra, 285 Ga. at 46 (1) (d). Tyrone Brown contends he has been prejudiced by the delay insofar as he has been incarcerated, has been unable to be with his family, and has been unable to participate in activities a non-incarcerated person may enjoy. He contends he suffers from anxiety, depression and "all of that." This is not sufficient to show prejudice rising to a level in violation of appellant's constitutional rights. Id.

In light of the above, the trial court did not abuse its discretion when it determined there was not a speedy trial violation in regard to appellant Tyrone Brown.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2011.

*Mawuli M. Malcolm Davis*, for appellant (case no. S10A1857).
*Katrina L. Breeding*, for appellant (case no. S11A0017).
*Lloyd J. Matthews*, for appellant (case no. S11A0018).
*Tracy Graham-Lawson, District Attorney, Jason B. Green, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.