A11A1233. WILSON v. THE STATE.
(717 SE2d 300)

McFADDEN, Judge.
Somora Wilson appeals from the trial court's denial of his plea in bar on speedy trial grounds. We pretermit the threshold question, whether the relevant delay, eleven months and ten days, was long enough to be presumptively prejudicial and to trigger an inquiry under *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). See *State v. Pickett*, 288 Ga. 674, 675 (2) (a) (706 SE2d 561) (2011) ("A delay approaching one year is generally deemed to be presumptively prejudicial."). We hold, as did the trial court, that Wilson has not met his burden under the four-factor *Barker* balancing test and affirm.

On appeal from a pretrial ruling on a defendant's plea in bar, the

[23] OCGA § 9-11-56 (e).

issue is whether the trial court abused its discretion in balancing the four factors set forth in *Barker*: "(1) the length of the delay; (2) the reason for the delay and whether this is attributable to the defendant or the state; (3) the timeliness of the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant." (Citation and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001). The trial court's decision must be affirmed in the absence of an abuse of discretion. Id.

So viewed, the record shows that Wilson and his co-defendant, Stephanie McCree, were arrested in November 2005 on charges of cruelty to children concerning injuries inflicted upon their child, Somora Wilson, Jr. McCree and Wilson were indicted on May 1, 2008, for three counts of cruelty to children in the first degree and five counts of aggravated battery.

After two scheduled arraignments at which he failed to appear, Wilson pled not guilty on April 7, 2009. His case was set for trial on June 4, 2009. At that time, the state announced that it was ready for trial, but Wilson requested a continuance, which was granted to August 13. The case proceeded to trial a few days later, with both the state and the defense presenting evidence. On August 27, however, a mistrial was granted during jury deliberations because a portion of a previously admitted audiotape was improperly played at the jurors' request.

At no time before the grant of the mistrial did Wilson claim that he had been prejudiced by any pretrial delay. On October 5, 2009, however, Wilson filed two pleas in bar — the first on the basis of pretrial delay and the second on the basis of prosecutorial misconduct in the first trial. A hearing was not scheduled because Wilson failed to submit a rule nisi with either plea. After a change in the state's attorneys, the state inquired in May 2010 as to the case's status, including any pending motions. Upon learning that no rule nisi had been submitted, the state submitted a rule nisi as to both of them.

At the hearing held on July 9, 2010, Wilson offered no new evidence as to any prejudicial delay. The state tendered evidence from the clerk's digital file showing that the case had been listed as "closed," perhaps because Wilson's pleas had been entered as "pleas" rather than as "motions." The trial court denied both pleas with orders entered on August 5, 2010.

In its order concerning the claim of prejudicial delay, the trial court held that by not moving for dismissal before the first trial, Wilson had waived any claim of delay up to that time. The trial court also held that by failing to inquire about when his pleas were to be heard, Wilson had contributed to any delay since mistrial, whereas the clerk's listing of the pleas as such — rather than as motions —

merely "may have contributed" to such delay.

Proceeding to a balancing of all four *Barker* factors, the trial court held that (a) the 29-month delay between Wilson's November 2005 arrest and his April 2009 indictment was presumptively prejudicial, but not itself sufficient to show prejudice; (b) there was no evidence of intentional delay by the state, so that the unintentional delay was to be weighed less heavily against it; (c) Wilson was responsible for much of the delay in obtaining a speedy trial, including the five months elapsing between the case's first appearance on a calendar and the lifting of bench warrants based on his failures to appear, the continuance from June to August 2009, and the failure to obtain a hearing after the filing of his pleas, with this factor "weigh[ing] heavily against" him; and (d) there was no evidence of prejudice given that Wilson was incarcerated for a total of 19 days, 14 of which were attributable to his failures to appear, and that the August 2009 trial had proceeded with no suggestion of prejudice.

The trial court also denied Wilson's second plea in bar, finding that the state had not engaged in any prosecutorial misconduct. Wilson has not appealed the trial court's order concerning his second plea.

The *Barker* analysis has two stages. First, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010). If so, the court must apply the four-factor balancing test. Id. The Supreme Court of Georgia has held that where a mistrial has already been had, "the relevant time frame for purposes of [a] motion to dismiss on constitutional speedy trial grounds is from the date of the mistrial . . . through the date the motion was denied." *Brewington v. State*, 288 Ga. 520, 521 (2) (705 SE2d 660) (2011), citing *Jakupovic v. State*, 287 Ga. 205, 206 (1) (a) (695 SE2d 247) (2010). The relevant time period in this case is thus from the trial court's order of a mistrial on August 27, 2009, to its denial of Wilson's plea in bar on August 5, 2010, or eleven months and ten days.

Pretermitting whether a delay of eleven months and ten days is presumptively prejudicial, see *Pickett*, supra, we conclude that Wilson has not met his burden under the second stage of the *Barker* inquiry. The record supports the trial court's finding that there was no intentional delay by the state. "[I]f the delay attributable to the state's preparation of its case is not deliberate but is negligent, it is weighed as a 'relatively benign' factor against the state." *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000).

Wilson did not assert his speedy trial claim until more than three years and nine months after his arrest. Under the procedural

circumstances of this case, the trial court did not err in weighing this factor against Wilson. *Ogletree v. State*, 303 Ga. App. 581, 583 (c) (693 SE2d 909) (2010) (delay in demanding speedy trial — four years, four months after arrest and almost five months after grant of mistrial — weighed against defendant). See also *Over v. State*, 302 Ga. App. 215, 218 (3) (690 SE2d 507) (2010) (22-month delay in demanding a speedy trial weighed against defendant).

Finally, the record supports the trial court's finding that there was no evidence of prejudice. When evaluating this factor, courts must consider the "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

Wilson did not suffer oppressive pretrial incarceration; he was incarcerated for a total of 19 days, 14 of which were attributable to his failures to appear. He did not testify about suffering any anxiety or concern. As for the most important third factor, see *Nelloms*, supra at 181, at no time before the grant of the mistrial did Wilson claim that he had been prejudiced by any pretrial delay, and at the hearing on the plea, Wilson offered no new evidence as to any prejudicial delay.

Because there was no evidence of intentional delay by the state, and because Wilson delayed asserting his right and has not shown prejudice, Wilson has failed to show that the trial court abused its discretion in denying his speedy trial claim. See *Johnson*, supra at 512. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 22, 2011.

*Mark J. Issa, Gerard B. Kleinrock*, for appellant.
*Robert D. James, Jr., District Attorney, Anna W. Davis, Assistant District Attorney*, for appellee.