## A11A0802. McCREE v. THE STATE.
### (720 SE2d 208)

SMITH, Presiding Judge.

Stephanie McCree appeals from the trial court's order denying her plea in bar based upon a violation of her right to a speedy trial. For the reasons set forth below, we affirm.

The record shows that McCree and her co-defendant, Somora Wilson, were arrested on November 18, 2005, and subsequently indicted on May 1, 2008, for three counts of cruelty to children and five counts of aggravated battery. The case was tried before a jury beginning on August 24, 2009, but the case ended in a mistrial when a previously admitted audiotape containing hearsay was played during the jury's deliberations at the jury's request. The trial court entered an order granting the mistrial on August 27, 2009.

On September 28, 2009, McCree filed two plea in bar motions: one based upon prosecutorial misconduct and the other upon a

---

violation of her right to a speedy trial. After a hearing held on July 9, 2010, the trial court denied both motions in separate written orders entered on August 5, 2010. The record shows that a new assistant district attorney assigned to the case requested the rule nisi in June 2010 to schedule the motions for a July 2010 hearing after discovering that the court computer system had mistakenly listed the case as closed since the date of the mistrial. The assistant district attorney discovered the error when she "actually pulled the physical file that [she] was taking over and . . . started inquiring as to the status."

On appeal, McCree contests only the denial of her plea in bar based upon an alleged violation of her speedy trial rights. This court has already considered and rejected an identical claim by her co-defendant. See *Wilson v. State*, 311 Ga. App. 780 (717 SE2d 300) (2011).

> The Sixth Amendment of the United States Constitution guarantees that, "(i)n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . ." This right is enshrined in the Georgia Constitution and is co-extensive with the federal guarantee made applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution. Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (II) (112 SC 2686, 120 LE2d 520) (1992). As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. If, however, the delay is determined to be presumptively prejudicial, then the court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. Those four factors include: (1) whether the delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. On appeal, the relevant standard of review is whether the trial court abused its discretion.

(Citations omitted.) *Brewington v. State*, 288 Ga. 520 (1) (705 SE2d 660) (2011). In this case, "the relevant time frame for purposes of the . . . motion to dismiss on constitutional speedy trial grounds is

from the date of the mistrial . . . through the date the motion was denied. . . ." Id. at 521 (2).

As in *Wilson*, supra, we need not decide whether this delay of eleven months and ten days is presumptively prejudicial because McCree cannot meet her "burden under the second stage of the *Barker* inquiry." *Wilson*, supra, 311 Ga. App. at 782. The record supports the trial court's finding that there was no intentional delay by the State, that McCree contributed to the post-trial delay by failing to submit a rule nisi to schedule a hearing on her motion, and that evidence of prejudice to McCree was minimal. After balancing these factors against any uncommon length of delay between the mistrial and the trial court's ruling on the plea in bar, we cannot conclude that the trial court abused its discretion by denying McCree's speedy trial claim. Id.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED NOVEMBER 9, 2011 —
RECONSIDERATION DENIED DECEMBER 1, 2011.

*Gerard B. Kleinrock*, for appellant.
*R. Javoyne Hicks White, District Attorney, Anna W. Davis, Assistant District Attorney*, for appellee.

