## A11A2379. MILLER v. THE STATE.
(722 SE2d 152)

MIKELL, Chief Judge.

Keith Miller appeals from the trial court's denial of his motion to dismiss for failure to provide a speedy trial in violation of his rights under the state and federal constitutions. For the reasons that follow, we affirm.

Viewed in the proper light, the record and transcripts show that, while playing a game of poker at a local bar, Miller was seated near Timothy Allen and Chaz Suddreth, among others. At some point in the game, Allen and Miller disagreed about the winner of the hand and began to argue. Miller stood up, pulled out his gun, and shot Allen several times.

Miller was arrested on April 16, 2008, and was charged with the offenses of aggravated assault, possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony. This case was tried before a jury on April 26, 2010, and a mistrial was declared on April 27, 2010, after the jury was unable to reach a

---

verdict. Miller then filed a motion for recusal, which was granted on May 3, 2010. On April 29, 2011, Miller filed a motion to dismiss the indictment due to lack of a speedy trial. His motion was denied on June 7, 2011.

1. Miller contends that the trial court erred in failing to grant the motion to dismiss for failure to provide a speedy trial. Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*[1] and *Doggett v. United States*.[2] As for the first tier of the analysis, it must be determined if the delay in question is long enough to be considered presumptively prejudicial.[3] If not, there has been no violation of the constitutional right to a speedy trial, and the second tier of analysis is unnecessary.[4] If, however, the delay is determined to be presumptively prejudicial, then the court must address the second tier of analysis by applying a balancing test with the following factors being considered:

> (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal. We review the trial court's ruling for abuse of discretion.[5]

In the present case, "the relevant time frame for purposes of the motion to dismiss on constitutional speedy trial grounds is from the date of mistrial through the date the motion was denied."[6] That delay is a little over one year and one month long. This Court has found a delay approaching one year to meet the threshold presumption of prejudice, and so an application of the full *Barker-Doggett* test is warranted.[7]

2. (a) *Length of Delay*. The first factor in the *Barker-Doggett* analysis requires "consideration of the extent to which the delay

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[2] 505 U. S. 647, 651 (II) (112 SC 2686, 120 LE2d 520) (1992).

[3] *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

[4] *Bowling v. State*, 285 Ga. 43, 44 (1) (a) (673 SE2d 194) (2009).

[5] (Citation omitted.) *Fallen v. State*, 289 Ga. 247, 247-248 (710 SE2d 559) (2011), citing *Barker*, supra.

[6] (Citation and punctuation omitted.) *McCree v. State*, 313 Ga. App. 101, 102-103 (720 SE2d 208) (2011).

[7] *Meder v. State*, 305 Ga. App. 702 (700 SE2d 706) (2010) (a delay approaching one year raises a threshold presumption of prejudice).

554

stretches beyond the bare minimum needed to trigger judicial examination of the claim."[8] The trial court in this case did not evaluate this factor under an analysis separate from the threshold inquiry.[9] However, this Court has held in cases similar to the instant case that "inasmuch as the trial court has effectively weighed this factor in appellant's favor, it did not abuse its discretion."[10] Accordingly, we find no abuse of discretion.

(b) *Reason for Delay.* The trial court found that the delay in bringing the case to trial was not attributable to deliberate actions by either party, and weighted this factor slightly against the state. The trial court found that the delay was caused by the court's internal administrative delays incurred when granting the recusal motion, that the parties were still in plea negotiations, and that a snow storm disrupted the first scheduled hearing. Additionally, the trial court noted that because of the court's calendar, the defense agreed to having the case placed on the May 3, 2011, trial calendar. The government is responsible for bringing a defendant promptly to trial, and this "includes all state actors, even trial and appellate court judges."[11] Therefore, "[t]he relevant inquiry for purposes of this factor is not whether the prosecutor or the accused bears more responsibility for the delay, but whether the government or the criminal defendant is more to blame for that delay."[12] However, because there is no suggestion that the state was acting in bad faith in delaying the trial, this factor does not weigh as heavily against the state.[13] Accordingly, the trial court did not abuse its discretion in weighing this factor only slightly against the state.

(c) *The Defendant's Assertion of the Right to a Speedy Trial.* Because a defendant may benefit by delaying his trial, a defendant has a responsibility to assert his right to a speedy trial in a timely manner, and a failure to do so weighs heavily against him.[14]

The trial court weighed this factor against Miller, citing the fact

---

[8] (Citation and punctuation omitted.) *Teasley v. State*, 307 Ga. App. 153, 158 (2) (a) (704 SE2d 248) (2010).

[9] "It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis." *Simmons v. State*, 304 Ga. App. 39, 41 (2) (a) (696 SE2d 75) (2010) (footnote omitted).

[10] (Punctuation and footnote omitted.) *Harrison v. State*, 311 Ga. App. 787, 790 (3) (a) (717 SE2d 303) (2011).

[11] (Citation and punctuation omitted.) *Ward v. State*, 311 Ga. App. 425, 429 (3) (715 SE2d 818) (2011).

[12] (Citation and punctuation omitted.) Id.

[13] See *Nealy v. State*, 246 Ga. App. 752, 754 (3) (542 SE2d 521) (2000).

[14] *Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005).

that Miller never filed a trial demand,[15] and that it appears that his counsel was actively engaged in negotiations with the state about the entry of a plea and then agreed to the placement of the case on the May 3, 2011, pretrial calendar.

Although Miller did not file a statutory demand for speedy trial pursuant to OCGA § 17-7-170, he was not required to do so in order to prevail on his speedy trial claim.[16] Miller argues that he effectively asserted his right to a speedy trial by announcing ready for trial at every trial calendar. However, "such action[ ] cannot be construed as an assertion of the right to a speedy trial under our analysis."[17] Accordingly, the trial court did not abuse its discretion in weighing this consideration heavily against Miller in the *Barker-Doggett* balancing process.

(d) *Whether the Accused Suffered Prejudice as a Result of the Delay.* The fourth and final factor is the inquiry into prejudice to the defendant. The concept of "prejudice" in this context is not limited to consideration of the likely effect the pretrial delay had or might have on the ultimate outcome of the trial. Rather, the constitutional right to a speedy trial is designed to protect three interests, and it is those three interests we evaluate in examining the prejudice component: (i) preventing oppressive pre-trial incarceration; (ii) minimizing anxiety and concern of the accused; and (iii) most importantly, limiting the possibility of impairment of the defense.[18]

As to the first two factors, the trial court found that there was no oppressive pretrial incarceration and that Miller did not experience any undue anxiety or concern.

Finally, with regard to impairment to his defense, Miller must prove that the delay "prevented the presentation of an adequate defense that would have otherwise been available."[19] Miller contends that he is prejudiced by the fact that Chaz Suddreth, a witness in the original trial, can no longer be found. The trial court found that this factor weighed against Miller because Suddreth testified and was subject to cross-examination in the first trial, and such testimony could be presented in further proceedings. Additionally, the trial

---

[15] Although Miller did file a pro se demand for a speedy trial prior to his initial trial, such motion could not be considered by the trial court because he was represented by counsel at the time. *Ware v. State*, 267 Ga. 510, 511 (2) (480 SE2d 599) (1997).

[16] See *State v. White*, 282 Ga. 859, 862 (2) (c) (655 SE2d 575) (2008).

[17] (Citation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) (defendant announcing ready for trial and objecting to a continuance cannot be construed as an assertion of the right to a speedy trial). Accord *Grizzard v. State*, 301 Ga. App. 613, 616 (2) (c) (688 SE2d 402) (2009) (merely appearing for trial does not invoke the right to a speedy trial).

[18] *White*, supra at 862 (2) (d).

[19] *Threatt v. State*, 282 Ga. App. 884, 889 (d) (640 SE2d 316) (2006).

court noted that the substance of Suddreth's testimony is confirmed by footage on a surveillance videotape.

The fact that a witness is missing, "standing alone, is not sufficient to show prejudice. . . . There must be some correlation between the witnesses' . . . unavailability and the delay, and [Miller] must show that the missing witness would have supplied material evidence for the defense."[20] Miller claims that the testimony of Suddreth, the missing witness, was critical to his defense because it would prove that he discharged the gun only after being attacked by Allen. Miller testified at the first trial that he pulled his gun only after Allen grabbed him by the neck and began to crush his windpipe. Suddreth testified that although he did see Miller stand up and back away from the poker table prior to the shooting, he was looking down at the cards at the time the first gunshot was heard, and thus was not aware of who provoked the incident. A surveillance video of the incident confirming the sequence of events was also shown at trial. Accordingly, the testimony provided by Suddreth would have been both cumulative and not material to the defense, and we find no abuse of discretion in the trial court's weighing of this factor against Miller.[21]

3. Balancing all of these factors together, we find that the trial court did not abuse its discretion by concluding that the presumptive prejudice arising from any delay in bringing Miller to trial was insufficient for him to prevail on his speedy trial claim, given that there was no demonstrable prejudice to Miller's defense and Miller was dilatory in asserting his rights.[22]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 12, 2012.

*Rodney A. Williams*, for appellant.
*Robert D. James, Jr., District Attorney, Otobong O. Ukpong, Assistant District Attorney*, for appellee.

---

[20] (Citation omitted.) Id. at 889-890 (d).

[21] *Ingram v. State*, 280 Ga. App. 467, 471-472 (1) (d) (634 SE2d 430) (2006). Accord *Disharoon v. State*, 288 Ga. App. 1, 6 (1) (d) (652 SE2d 902) (2007). Compare *Hardeman v. State*, 280 Ga. App. 168, 171 (4) (633 SE2d 595) (2006) (delay in trial prejudiced defense where testimony of deceased witness, that defendant present at scene was unconnected with drug deal, was material and went to heart of defense).

[22] See, e.g., *Jakupovic v. State*, 287 Ga. 205, 208 (2) (695 SE2d 247) (2010).