**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A0408. THE STATE v. GRAYSON.                    DO-016 C

DOYLE, Chief Judge.

Laderyle Eugene Grayson was accused of committing multiple counts of battery and simple battery. During the ensuing trial, the court sua sponte declared a mistrial, and soon thereafter Grayson filed a plea in bar, which the court granted on double jeopardy and constitutional speedy trial grounds. The State now appeals, contending that (1) retrial was not barred by double jeopardy because the State did not request the mistrial and Grayson did not object to the mistrial, and (2) the trial court erred in its speedy trial analysis. For the reasons that follow, we reverse.

The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's factual findings support its legal conclusion. Questions of law are reviewed de novo. Where the

basis for the mistrial was the unavailability of critical prosecution evidence, including the unavailability of prosecution witnesses, the strictest scrutiny is appropriate.[1]

The record shows that the State filed an accusation against Grayson in August 2012, alleging six counts of battery and seven counts of simple battery. On November 19, 2013, the first day of trial, a jury was empaneled and sworn, and the State called its first witness, a police officer. The State attempted to have the officer authenticate recordings of 911 calls made by the victim, who was under subpoena but had failed to appear at trial. Rather than hold a hearing on the admissibility of the 911 recordings as non-testimonial statements or as a necessity in light of the victim's unexpected absence, the trial court granted a request by Grayson's counsel to recess for the day and hear the issue the next morning.

The next morning, the trial court held a hearing on whether the victim's statements in the 911 calls would be admissible under the hearsay exception in OCGA § 24-8-804 (b) for unavailable witnesses. During the hearing, it became clear that the 911 caller made reference to Grayson's alleged cocaine use, but Griffin's

---

[1] (Citations and punctuation omitted.) *Jackson v. State*, 305 Ga. App. 727, 727-728 (700 SE2d 714) (2010).

counsel apparently had been unaware of this content in the recording.[2] The trial court then announced as follows:

> Court: This case has a plethora of issues with it, none intentionally caused by [the State. The 911 recording] is just a statement that [defense counsel] did not have before the trial started concerning his client had been using cocaine; is that correct, [defense counsel]?
>
> Defense counsel: Yes, Your Honor.
>
> Court: All right. Also, the [S]tate was ambushed by the witness who didn't show up for court and said she'd be there. It is a fact that [defense counsel] didn't have the statement that he needed as far as to provide a proper representation for Mr. Grayson. I erred by not granting a mistrial yesterday. It's not something anyone requested, but I should have given a mistrial because he didn't have all the information he needed to properly represent his client.
>
> There is nothing I've seen today that I think could cure that. I think that he and his client needed more of an opportunity to flesh out that call and to speak to the witness about it, to be able to have cross-examination. Because of that, I'm declaring a mistrial in this case. We

---

[2] The State argued that it was not required to disclose the victim's non-exculpatory written statement to the defendant because it was a misdemeanor case, citing *Brown v. State*, 246 Ga. App. 517, 520 (4) (541 SE2d 112) (2000). Elsewhere, the State argued that the defense was aware of the 911 recordings. We do not opine on that issue in the present context.

will reset it [for retrial in two months]. I think that any issue that either side has between now and then . . . we should be able to . . . straighten out all discovery issues.

I know, [prosecutor,] you inherited this case from other attorneys. [Defense counsel,] do you believe that will be a sufficient time for you to make sure that you have everything necessary to represent Mr. Grayson?

Defense counsel: Thank you, your honor.

The court then adjourned the matter until the retrial.

On November 25, 2013, Grayson filed a plea in bar raising his constitutional right to a speedy trial, later amending it on December 17, 2013, to argue that double jeopardy had attached barring a retrial. The State responded on January 13, 2014, and the trial court granted Grayson's out-of-time statutory speedy trial demand on April 30, 2014. Grayson then filed a Demand for Constitutional Speedy Trial on June 10, 2014. On July 14, the trial court granted the plea in bar on double jeopardy grounds and ruled that Grayson could not be retried, giving rise to this appeal.

1. The State argues that retrial is not barred under the present circumstances because the State did not request the mistrial and Grayson did not object to the mistrial. We agree.

4

The trial court's double jeopardy order focused on *Julian v. State*.[3] As stated in that case, "[o]nce a defendant's jury is impaneled and sworn, jeopardy attaches, and he is entitled to be acquitted or convicted by that jury. If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial."[4] Finding that there was no 'manifest necessity' for the mistrial it granted sua sponte, the trial court ruled that Grayson could not be retried.

Pretermitting whether reversal is required by the trial court's ruling that there was no "manifest necessity" for the mistrial,[5] the trial court committed reversible error by overlooking the fact that Grayson consented to the mistrial, which was done in part to aid his defense. As explained by the trial court, it perceived a need for the

---

[3] 319 Ga. App. 808 (738 SE2d 647) (2013).

[4] (Punctuation omitted.) Id. at 810.

[5] The trial court based this conclusion on the fact that reasonable minds could differ as to whether a mistrial was required. This misconstrues *Julian*, which merely holds that, on appeal, the reviewing court will afford the trial court "great deference" as to whether there was a manifest necessity to grant a mistrial. Thus, a mistrial can be properly affirmed "even though in a strict, literal sense, the mistrial is not 'necessary.'" Id. at 811. Contrary to the trial court's reading, *Julian* does not stand for the proposition that "whether a defendant can be tried again . . . hinges on whether reasonable judges could differ as to the proper way to handle the matter that was the subject matter of the mistrial [in this case]."

mistrial based in part on the "ambush" to the State by the absence of a subpoenaed witness, but also to allow Grayson additional time to properly investigate the evidence in light of that witness's absence and to prepare for appropriate testing of that evidence at trial. Thus, despite acknowledging that neither party requested the mistrial,[6] the trial court deemed it necessary to benefit both parties, explicitly finding that Grayson "didn't have all the information he needed to properly represent his client."

When informed of the trial court's ruling, Grayson's counsel did not question the ruling or pose any objection, merely stating, "Thank you, Your Honor." Based on this record, we conclude that the mistrial was not granted over Grayson's objection or without his consent. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further."[7] "Consent to the grant of a mistrial can be express or implied[, and a]lthough [Grayson] did not expressly consent to a mistrial, he

_____

[6] The State was ready to proceed and argued that the trial could go forward without the missing witness.

[7] (Punctuation omitted.) *Compton v. State*, 281 Ga. 45, 46 (2) (635 SE2d 766) (2006).

impliedly consented by failing to object timely to the mistrial declaration. It follows that the trial court erred in barring further prosecution of [Grayson]."[8]

2. The State also contends that Grayson's plea in bar fails on constitutional speedy trial grounds, which Grayson urged in his initial plea, and on which the trial court also based its ruling granting the plea in bar in a separate order. Specifically, the State argues that the trial court erred in its speedy trial analysis.

> The Sixth Amendment of the United States Constitution guarantees that, in all criminal prosecutions, the accused shall enjoy the right to a speedy trial. This right is enshrined in the Georgia Constitution and is co-extensive with the federal guarantee made applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution. Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*,[9] and *Doggett v. United States*.[10] As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. If, however, the delay is determined to be presumptively

---

[8] (Citations and punctuation omitted.) *State v. Johnson*, 267 Ga. 305, 305-306 (477 SE2d 579) (1996).

[9] 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

[10] 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992).

prejudicial, then the court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. Those four factors include: (1) whether the delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. On appeal, the relevant standard of review is whether the trial court abused its discretion.[11]

"As the delay approaches one year it generally is presumptively prejudicial."[12]

Here, the trial court concluded that the delay in trial was more than one year,

apparently relying on the date of the August 2012 accusation.

> While typically the time for speedy trial attaches at the date of arrest (or date of indictment/accusation if earlier), in this case [Grayson was] actually tried [, and he had not moved for dismissal on speedy trial grounds prior to that trial]. . . . Therefore, . . . the relevant time frame for purposes of the instant motion to dismiss on constitutional speedy trial grounds is from the date of the mistrial, November [20], 20[13], through the date the motion was [ruled upon on July 14, 2014].[13]

---

[11] (Citations and punctuation omitted.) *Brewington v. State*, 288 Ga. 520, 520-521 (1) (705 SE2d 660) (2011).

[12] (Citation and punctuation omitted.) *State v. White*, 282 Ga. 859, 861 (1) (a) (655 SE2d 575) (2008)

[13] (Footnote omitted.) *Brevington*, 288 Ga. at 521 (2).

8

This delay was approximately eight months and therefore not presumptively prejudicial.[14]

Grayson points out that this Court has construed this analysis to apply only where there is no prosecutorial misconduct on the part of the State that caused the mistrial.[15] Grayson argued to the trial court that the mistrial was caused by the State's lack of diligence in securing its witness's presence in court. Nevertheless, the State countered that it had subpoenaed the witness, and an investigator had been in close contact with the witness in the days and weeks leading up to the trial, even arranging to transport the witness to the courthouse. In light of this scenario, the trial court found that the State was not at fault and was not to blame for the witness's failure to appear. We discern no error in this aspect of the trial court's ruling, and in light of this finding, the trial court erred by calculating the delay from the date of the accusation. Properly calculated, the delay was less than one year and not presumptively prejudicial. Accordingly, Grayson's "rights to a speedy trial have not

---

[14] See id.

[15] See *Whatley v. State*, 326 Ga. App. 81, 90 (2) (755 SE2d 885 (2014).

9

been violated, and there is no basis to engage in the four-factor *Barker-Doggett*

balancing test."[16]

*Judgment reversed. Phipps, P. J., and Boggs, J., concur.*

---

[16] *Brewington*, 288 Ga. at 521 (2).