**SECOND DIVISION
MERCIER, C. J.,
MILLER, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 20, 2023**

# In the Court of Appeals of Georgia

A23A0718. PADILLA-GARCIA v. THE STATE.

MILLER, Presiding Judge.

A Gwinnett County jury found Quebin Ines Padilla-Garcia guilty of aggravated sexual battery and child molestation. Padilla-Garcia appeals from the trial court's order denying his motion for new trial, arguing that the trial court erred by (1) failing to make findings of fact and conclusions of law regarding his constitutional speedy trial claim; (2) wrongly instructing the jury on aggravated sexual battery; and (3) imposing an unlawful special condition as part of his probation sentence. Because the trial court did not make the necessary findings to support its order denying Padilla-Garcia's constitutional speedy trial claim, we vacate the trial court's order, and remand the case for further proceedings.

The record shows that Padilla-Garcia was indicted on December 4, 2020, on one count of aggravated sexual battery (OCGA § 16-6-22.2) (2006) and one count of child molestation (OCGA § 16-6-4 (a)) (2009), based on allegations that he digitally penetrated a minor child and touched the child's buttocks. On February 17, 2022, Padilla-Garcia filed an out of time demand for speedy trial pursuant to the United States Constitution and the Georgia Constitution. The trial court denied the motion on the grounds that Padilla-Garcia's counsel did not appear for the hearing and that "a portion" of Padilla-Garcia's incarceration occurred when the statutory deadlines were suspended due to the COVID-19 pandemic.

Padilla-Garcia was later found guilty of both counts after a jury trial, and the trial court sentenced him to life plus 20 years, with the life sentence plus 15 years to be served in confinement and the remainder on probation. Padilla-Garcia subsequently filed a motion for new trial, arguing in part that the trial court erred by failing to make the requisite factual findings and conclusions of law on his constitutional speedy trial claim.[1] The trial court denied the motion for new trial, concluding that, as to the constitutional speedy trial claim, it was not required to

---

[1] Notably, the State also agreed with Padilla-Garcia below that the trial court was required to enter findings of fact and conclusions of law on his constitutional speedy trial claim.

address the claim because Padilla-Garcia's trial counsel did not appear for the hearing on the speedy trial motion.[2] This appeal followed.

On appeal, Padilla-Garcia argues, among other things, that the trial court erred by denying his constitutional speedy trial claim without making the necessary findings of fact and conclusions of law. We agree and conclude that the trial court abused its discretion by failing to conduct the appropriate analysis on Padilla-Garcia's constitutional speedy trial claim.[3]

We "review the denial of a defendant's constitutional speedy trial claim for an abuse of discretion." (Citation omitted.) *Leopold v. State*, 324 Ga. App. 550, 557 (2) (751 SE2d 184) (2013).

"Both the Sixth Amendment of the United States Constitution and the Georgia Constitution provide that a criminal defendant shall have the right to a speedy trial." (Citation omitted.) *Labbee v. State*, 362 Ga. App. 558, 561 (869 SE2d 520) (2022).

---

[2] Pursuant to an agreement between the parties, the trial court did not hold a hearing on the motion for new trial.

[3] In light of the resolution of this claim, it is unnecessary at this time to address Padilla-Garcia's remaining claims of error concerning the jury instructions and the special condition of his probation. See *Redding v. State*, 309 Ga. 124 n.2 (844 SE2d 725) (2020) (declining to address the defendant's other claims of error where the trial court failed to conduct the appropriate analysis regarding the defendant's constitutional speedy trial claim).

And, it is well settled that "a defendant may assert his constitutional right to a speedy trial at any time after he is arrested[.]" *State v. Pickett*, 288 Ga. 674, 676 (2) (c) (3) (706 SE2d 561) (2011). We have been clear that "[w]hen considering constitutional speedy trial claims, courts *must* conduct the two-part test as delineated in the United States Supreme Court's decisions in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101 (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992)." (Emphasis supplied.) *Labbee*, supra, 362 Ga. App. at 561. As explained by the Supreme Court of Georgia,

> [f]irst, the trial court must consider whether the length of time between the defendant's arrest and trial is sufficiently long to be considered 'presumptively prejudicial.' If not, the speedy trial claim fails at the threshold. A delay of one year or more is typically presumed to be prejudicial. If the presumptive-prejudice threshold is crossed, . . . the trial court proceeds to the second part of the framework, applying a context-focused, four-factor balancing test to determine whether the defendant was denied the right to a speedy trial. These four factors are (1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. This second part of the speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

4

(Citations and punctuation omitted.) *Redding v. State*, 309 Ga. 124, 129 (2) (844 SE2d 725) (2020). "Because the analysis of a speedy trial claim is fact intensive . . . it is imperative that the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review." (Citation and punctuation omitted.) Id.

In this case, the trial court did not conduct an analysis of the *Barker-Doggett* factors and set forth findings of fact and conclusions of law on Padilla-Garcia's constitutional speedy trial claim in either the pre-trial order denying his demand for a speedy trial or in the order denying his motion for new trial. Instead, the trial court merely concluded that it was not required to conduct an analysis under the *Barker-Doggett* factors because Padilla-Garcia's counsel failed to appear at the hearing. Specifically, the trial court relied on our prior decision in *Smith v. State*, 213 Ga. App. 536, 537 (1) (445 SE2d 341) (1994) (physical precedent only), to conclude that the motion for speedy trial was properly denied because Padilla-Garcia's counsel did not appear for the hearing on the speedy trial motion. *Smith*, however, involved a motion to withdraw guilty plea, not a constitutional speedy trial claim. Further, although we have found that a defendant waived his *statutory* speedy trial rights under OCGA § 17-7-170 where trial counsel failed to appear for the hearing, see, e.g., *Oni v. State*

*("Oni I")*, 268 Ga. App. 840, 841 (602 SE2d 859) (2004), a statutory speedy trial claim is distinct from a constitutional speedy trial claim. See, e.g., *Miller v. State*, 313 Ga. App. 552, 555 (2) (c) (722 SE2d 152) (2012) (stating that a defendant does not have to file a statutory speedy trial demand in order to assert and prevail on his constitutional speedy trial claim). This is because a demand for statutory speedy trial must be made within a certain timeframe following an indictment, and the case must be tried by a specific date or else the defendant is "absolutely discharged and acquitted of the offense charged in the indictment or accusation." (Citation omitted.) *Williamson v. State*, 295 Ga. 185, 186 (1) (758 SE2d 790) (2014); see also OCGA § 17-7-170 (a) - (b). Thus, in light of these constraints for statutory speedy trial claims, we have held that a defendant "may waive his statutory right to automatic discharge and acquittal by some action on his part or on the part of his counsel[,]" and that "[a]ny affirmative action by a defendant which results in a continuance of the case or a failure to try it within the time fixed by statute after the filing of a demand under OCGA § 17-7-170 has the effect of tolling the time." (Citation and punctuation omitted.) *Linkous v. State*, 254 Ga. App. 43, 45-46 (561 SE2d 128) (2002). Here, as stated above, a constitutional speedy trial claim may be raised at any time after arrest. *Pickett*, supra, 288 Ga. at 676 (2). And, notwithstanding a statutory speedy trial claim,

6

a constitutional speedy trial claim must be analyzed under the *Barker-Doggett* factors. See *Oni v. State ("Oni II")*, 285 Ga. App. 342, 342-343 (1) - (2) (646 SE2d 312) (2007) (analyzing the defendant's statutory speedy trial and constitutional speedy trial claims separately). Thus, the trial court's failure to analyze Padilla-Garcia's constitutional speedy trial claim under the *Barker-Doggett* factors was error. See *Culbreath v. State*, 328 Ga. App. 153, 162 (4) (c) (761 SE2d 557) (2014) ("The Georgia Supreme Court has made clear that trial courts *must consider and weigh* all four factors under the circumstances of each case.") (citation and punctuation omitted; emphasis supplied).

Furthermore, although the trial court stated in its order denying the motion for speedy trial that "a portion" of Padilla-Garcia's incarceration was due to the COVID-19 pandemic, we are unaware of any authority holding that a mere reference to the suspension of jury trials because of the pandemic is sufficient by itself to satisfy the *Barker-Doggett* factors. Instead, we have noted that the suspension of jury trials because of the COVID-19 pandemic is only part of the analysis of the second *Barker-Doggett* factor concerning the reasons for the delay and that the suspension of jury trials because of the pandemic "is not weighed against either party." *State v. Adams*, 364 Ga. App. 864, 868 (2) (b) (i) (876 SE2d 719) (2022); see also *Labbee*, supra, 362

7

Ga. App. at 565-566 (2) (b) (iv) (rejecting the defendant's claim under the second *Barker-Doggett* factor that the delay in jury trials due to the pandemic should be attributed solely to the State, and stating that "neither party is responsible for the delays caused by the COVID-19 pandemic[.]") (citation omitted). And, although the State urges us to examine the record and make the necessary determinations on Padilla-Garcia's constitutional speedy trial claim, "[i]t is not the job of the appellate court . . . to weigh the *Barker* factors in the first instance[.]" *Pickett*, supra, 288 Ga. at 679-680 (2) (d). Therefore, because the trial court failed to conduct the proper analysis of Padilla-Garcia's constitutional speedy trial claim, we must vacate the trial court's order and remand the case for the trial court to conduct the proper analysis of the *Barker-Doggett* factors and enter an order containing findings of fact and conclusions of law on this issue. See *Redding*, supra, 309 Ga. at 129-130 (2) (vacating the trial court's judgment for failing to conduct an analysis of the defendant's constitutional speedy trial claim pursuant to the *Barker-Doggett* factors, and remanding the case to the trial court to enter the necessary findings of fact and conclusions of law on the claim).

*Judgment vacated and case remanded with direction. Mercier, C. J., and Hodges, J., concur*.